IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF/RESPONDENT

v.                        Criminal No. 86-10004-001
                                        97-10005-001
                                        97-10006-001

LESLIE I. ROGGE
                                                                    DEFENDANT/MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the undersigned is the motion for preliminary injunction filed by the Defendant/Movant, Leslie Ibsen Rogge (hereinafter "Rogge"), asking that this court order the warden of the U.S.P. Beaumont and the Federal Bureau of Prisons (hereinafter "B.O.P.") to run his sentences concurrently and to calculate his sentences as provided by *18 U.S.C. § 4205(A)*. (Doc. #65, #12 , #12 )

At the request of Rogge, by order entered on July 7, 2005, this court, in order to provide guidance and clarification to the B.O.P. as to the sentences imposed by this court in these cases, entered an order clarifying the sentences imposed herein. (Doc. #64)

In the pending motion, Rogge asserts that the B.O.P. is not following the law or the orders of this court in calculating Rogge's parole eligibility date and his release date. (Doc. #65)

Clearly, Rogge's motion does not attack his convictions or the sentences imposed by this court. Instead, he attacks the execution of the sentences by the B.O.P. Accordingly, the pending motion may be construed as one brought under *28 U.S.C. § 2241. See Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002)(a federal prisoner can properly attack the execution of his sentence in a *28 U.S.C. § 2241* petition) *in accord Bell v. United States*, 48 F.3d 1042, 1043-44 (8th Cir.

AO72A
(Rev. 8/82)

1995).

However, such a petition must be brought in the judicial district in which the B.O.P. or the petitioner's custodian is located. *See Matheny v. Morrison*, 307 F.3d at 711 (*§ 2241* petition must be filed in the district where the petitioner is incarcerated); *Bell v. United States*, 48 F.3d at 1043-44 (court lacks subject matter jurisdiction over a *§ 2241* petition where the petitioner is not incarcerated in that district; petition must be filed in district having jurisdiction over petitioner's custodian); *McCoy v. United States Bd. of Parole*, 537 F.2d 962, 964 (8th Cir. 1976)(jurisdiction under *§ 2241* "lies not only in the district of actual physical confinement but also in the district where a custodian responsible for the confinement is present").

Rogge is being incarcerated in the U.S.P. Beaumont, Texas and the B.O.P. is not subject to service within the boundaries of the Western District of Arkansas, accordingly Rogge's motion is subject to dismissal without prejudice to his refiling his motion in proper form in the appropriate federal judicial district.

While this court gladly entered its previous order in order to clarify the sentence imposed by this court, this court simply lacks jurisdiction to proceed with respect to the execution of these sentences by the B.O.P.

**Conclusion:**

It is recommended that Rogge's pending motion be dismissed without prejudice to his refiling the motion, in proper form, in the appropriate federal judicial district.

**The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the**

**district court.**

DATED this 1st day of February 2006.

                                              */s/ Bobby E. Shepherd*
                                              HON. BOBBY E. SHEPHERD
                                              UNITED STATES MAGISTRATE JUDGE