IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                                          PLAINTIFF

v.                         Case No. 1:86-cr-10004
                           Case No. 1:97-cr-10005
                           Case No. 1:97-cr-10006

LESLIE ISBEN ROGGE                                                                DEFENDANT

## ORDER

Before the Court is Defendant Leslie Isben Rogge's Motions for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 84.[1]  The Court finds that no response is necessary and that the matter is ripe for consideration.

## BACKGROUND

Defendant's criminal history and the procedural history of his conviction and sentencing are complex.  A brief summary follows:

1. Florida Conviction: On November 13, 1984, Defendant was convicted of Armed Bank Robbery in the Southern District of Florida and sentenced to 25 years imprisonment. *See U.S. v. Rogge*, Case No. 84-524-CR-KEHOE (S.D. Fla. 1984).  Following his sentencing in Florida, he was transferred to the District of Idaho to face pending criminal charges there.

2. Idaho Conviction: On September 25, 1985, he was convicted of two counts of Armed Bank Robbery in the District of Idaho and sentenced to two concurrent 20-year sentences of imprisonment. *See U.S. v. Rogge*, Case No. CR-82-30006 (D. Idaho 1982).  This 20-year sentence was ordered to be served consecutively to the 25-year sentence imposed in the Southern District

---

[1] Defendant has filed an identical motion for release in three cases. *See* Ark. W.D. Case No. 1:86-cr-10004, ECF No. 84; Ark. W.D. Case No. 1:97-cr-10005, ECF No. 29; Ark. W.D. Case No. 1:97-cr-10006, ECF No. 29.  The Court will refer to the motion filed in Case No. 1:86-cr-10004 (ECF No. 84) in analyzing the merits of his motion, unless otherwise noted.

of Florida.  While in Idaho and in the custody of the U.S. Marshal Service, Defendant was housed at the Latah County Jail.  On September 29, 1985, four days after his sentencing in the Idaho court, he walked away from the Latah County Jail.  Defendant claimed later he had permission to leave the jail.  The Government contended he had escaped from custody.  In any event, he was not returned to Federal custody until May 19, 1996, nearly 11 years later, when he was arrested in Angigua, Guatemala.

3. Arkansas Convictions: On August 14, 1997, Rogge was sentenced in three separate cases in this Court.[2]  At Rogge's request, on July 7, 2005, the Court entered its order clarifying that the sentences in these three cases were imposed to be an effective total sentence of 240 months.[3]  ECF No. 64.

On July 19, 2021, Defendant filed his first *pro se* motion requesting compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  ECF No. 82.  The Court denied that prior motion because Defendant did not exhaust his administrative remedies before requesting release from the Court.  ECF No. 83.  Defendant renewed his request for release in the instant motion, claiming that he has now exhausted his administrative remedies.  ECF No. 84, p. 1.  Defendant states that the combination of his age at 82 years old, his health issues of dementia and prostate cancer, and his good behavior during incarceration make his release appropriate.  *Id*. at p. 3-5.  Defendant is currently incarcerated at the Federal Medical Center in Butner, North Carolina.

---

[2] Case No. 1:86-CR-10004 (a case originally from the W.D. Ark.), Case No. 1:97-CR-10005 (a case originally from the W.D. Mo.), and Case No. 1:97-CR-10006 (a case originally from the M.D. N.C.).
[3] Defendant received 180 Months in Case No. 1:86-CR-10004 (an effective sentence of 180 months), concurrent sentences of 180 months on count one and 120 months on count two in Case No. 1:97-CR-10005 (an effective sentence of 180 months), and concurrent sentences of 180 months on each of counts one and two plus a consecutive sentence of 60 months on count three in Case No. 1:97-CR-10006 (an effective sentence of 240 months). These sentences were ordered to be served concurrently with each other resulting in a total effective sentence of 240 months.

## DISCUSSION

Defendant bears the burden of showing that compassionate release is appropriate. *United States v. Mitchell*, No. 5:10-cr-50067-001, 2020 WL 544703, at *1 (W.D. Ark. Feb. 3, 2020) (citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016)). Relief is available under the FSA if the Court finds: (1) that the requested sentence reduction is warranted due to "extraordinary and compelling reasons;" (2) that the sentencing factors set forth in 18 U.S.C. § 3553(a) support a reduction "to the extent that they are applicable;" and (3) that a reduction would be consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. 3582(c)(1)(A)(i). The Court must first determine whether Defendant's motion is properly raised. If so, the Court will reach the above-listed issues.

As a threshold matter, Defendant must satisfy certain procedural requirements before filing a compassionate-release motion. "Before the enactment of the FSA, a motion for compassionate release had to be filed by the Director of the [BOP] and an inmate could not unilaterally file one with the court." *Mitchell*, 2020 WL 544703, at *1. However, the FSA now permits an inmate to seek a compassionate release directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A)(i). Defendant bears the burden of showing that he exhausted his administrative rights with the BOP before filing a compassionate-release motion. *United States v. Davis*, No. 2:15-CR-20067-SHM, 2019 WL 6898676, at *1 (W.D. Tenn. Dec. 18, 2019).

The BOP has outlined the administrative exhaustion process in its Program Statement No. 5050.50. In short, a request for compassionate release must first be submitted to the warden of the

BOP facility the defendant is housed in. 28 C.F.R. § 571.61(a). If the warden approves the request, it is sent to the BOP's general counsel for approval. 28 C.F.R. § 571.62(A)(1). If the general counsel approves the request, it is sent to the BOP's director for a final decision. 28 C.F.R. § 571.62(A)(2). If the director approves, he or she will ask the United States Attorney in the applicable judicial district to file a compassionate-release motion on BOP's behalf. 28 C.F.R. § 571.62(A)(3).

If the warden does not respond to the request, the defendant's administrative remedies are deemed exhausted after thirty days. 18 U.S.C. § 3582(c)(1)(A)(i). If the warden denies the compassionate-release request, the defendant must appeal the decision pursuant to the BOP's Administrative Remedy Program. 28 C.F.R. § 571.63(a). If the request is denied by the BOP's general counsel or director, that decision is considered a final administrative decision and the defendant's administrative remedies are exhausted at that time. 28 C.F.R. § 571.63(b)-(c).

The Court finds that Defendant has again failed to show that he has exhausted his administrative remedies. Like his previous request for release, Defendant did not attach any proof regarding the alleged denial of his request to his warden. Taking as true that his warden denied his request, Defendant never alleges that he has further sought to appeal any denial from his warden to BOP officials. Appealing any denial from his warden is required before the Court can deem Defendant to have exhausted his administrative remedies and evaluate his request for release on the merits. *See* 28 C.F.R. § 571.63(a)-(c). Accordingly, the Court cannot conclude from the record that Defendant has exhausted his administrative remedies and his request for release must be denied.

## CONCLUSION

For the above stated reasons, the Court finds that Defendant's Motions for Compassionate Release (ECF No. 84; Case No. 1:97-CR-10005, ECF No. 29; Case No. 1:97-CR-10006, ECF No. 29) should be and are hereby **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 12th day of September, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge